### ALEXANDER CARROLL *v.* W. F. COLLINS.

**Purchaser of Real Estate—Knowledge.**

Where one about to purchase real estate hears that his grantor has already conveyed it to a named person, makes no inquiry of such person, but purchases upon the vendor declaring he has not conveyed, and the public records showing no conveyance, he cannot be protected for the want of knowledge of the prior sale. He should have made inquiry of the person whom he had heard had bought it.

#### APPEAL FROM BELL CIRCUIT COURT.

March 18, 1875.

OPINION BY JUDGE PETERS:

Appellant admits in his answer that a rumor had reached him that A. Goodwin had sold the land to appellee, but that Goodwin told him he had not done so, and that he had examined in the clerk's office to ascertain whether a conveyance had been made to appellee, and finding none, he concluded there had been no sale, and he therefore purchased.

He did not rely on what Goodwin told him on the subject of the sale, as his conduct shows, and from the action of Goodwin in this record he certainly, if he knew him as he must have done, could not have confided in his statements. He had heard enough about the sale to appellee to put him on inquiry in relation thereto,

and he should, therefore, have gone to appellee, from whom he could have learned the facts. And having failed to do so, his purchase cannot be protected for the want of knowledge of the prior sale, of which he had heard, and could have, by proper diligence, known all about.

The deed to appellee recites a valuable consideration, and if appellee has not paid the amount, he can be compelled to pay it.

Judgment *affirmed.*

*Green Adams, J. & J. W. Rodman, for appellant.*
*Tinsley & Dishman, for appellee.*